IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENYATTA ROBINSON, ) | |
| ) | |
| Petitioner ) | |
| ) | Criminal Docket No. 14-cr-00064 |
| v. ) | Civil Docket No. 17-cv-01663 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

In June 2015, following a bench trial, Petitioner Kenyatta Robinson was found guilty of both counts alleged against him in an Indictment. Those charges stemmed from a November 2013 vehicle stop and search during which police uncovered quantities of powder and crack cocaine. As a result of the guilty verdict, the Court sentenced Robinson to 360 months imprisonment. Robinson appealed, but the Third Circuit affirmed his conviction. Now Robinson exercises his right to collaterally attack his sentenced under 28 U.S.C. § 2255.

Robinson argues there are three (3) grounds for the Court to grant him relief under § 2255. First, he says his court-appointed trial counsel failed to provide the effective assistance required by the Sixth Amendment. Second, he argues that the United States failed to present sufficient evidence to support his convictions. Third, Robinson claims that his sentencing counsel—a different lawyer than the one who represented him at trial—also provided ineffective assistance. After reviewing the Record, the Court concludes that Robinson's motion comes up short on all counts. His Motion to Vacate Sentence (ECF No. 116), is therefore **DENIED**. And because reasonable jurists would not disagree with the Court's assessment, the Court declines to issue a Certificate of Appealability.

1

I.    BACKGROUND

In March 2014, a federal grand jury returned a two-count indictment charging Robinson at Count I with possession with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); and at Count II with possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Indictment, ECF No. 1.) Those charges resulted from drugs found during a vehicle search when police stopped and arrested Robinson in November 2013 based on an outstanding warrant for being a fugitive from justice.[1] (PSR, ECF No. 94, ¶ 4.)

Robinson pleaded not guilty and moved to suppress the evidence obtained during the November 2013 search. (ECF No. 27.) The Court denied Robinson's motion to suppress. (ECF No. 66.) Following the suppression decision, the United States filed an Information pursuant to 21 U.S.C. § 851 establishing Robinson's 2007 state conviction for possession with intent to deliver a controlled substance. (ECF No. 80.)

In June 2015, Robinson proceeded to a bench trial before Judge Terrence McVerry. During that trial, attorney James Brink represented Robinson. The United States and Robinson agreed to stipulate that "the total amounts of drugs that were actually tested by the scientist are 289.62 grams of cocaine base in the form commonly known as crack, a Schedule 2 controlled substance, and 153.61 grams of cocaine, a Schedule 2 controlled substance." (Trial Tr., ECF No. 108, at 39:6–12.) The trial featured testimony from law enforcement witnesses who stated that Robinson had been driving the vehicle where the drugs were located. In the end, Judge McVerry found Robinson guilty of both Counts I and II. (ECF No. 83.)

The Court sentenced Robinson in September 2015. During the sentencing proceedings, a

---

[1] The fugitive from justice warrant resulted from Robinson absconding from a halfway house approximately two (2) years prior to the November 2013 traffic stop. (PSR, ECF No. 94, at ¶ 4.)

new court-appointed attorney, Roger Cox, represented Robinson. (ECF No. 96.) Because the United States established Robinson's prior drug conviction using the § 851 Information, the Court noted that Robinson was subject to a mandatory minimum sentence of twenty (20) years imprisonment. (Sentencing Tr., ECF No. 106, at 4:3–5.) What's more, Robinson was subject to a career offender enhancement because he had three (3) prior felony drug trafficking convictions. (*Id.* at 13:3–9; PSR, ECF No. 94, at ¶ 35.) As a result of the career offender enhancement, Robinson's advisory Sentencing Guidelines range was 360 months to life imprisonment. (ECF No. 94, PSR, at ¶ 63.) The Court sentenced Robinson to a term of 360 months imprisonment on each count, to be served concurrently. (ECF No. 101.)

Robinson timely appealed to the Court of Appeals for the Third Circuit. On direct appeal, Robinson raised two (2) issues: First, he argued that the Court erred by denying his motion to suppress the drug evidence seized from the vehicle. Second, he claimed that his Confrontation Clause rights were violated at the suppression hearing. *See* Appellant's Opening Br., *United States v. Robinson*, 663 F. App'x 215 (3d Cir. 2016) (No. 15-3243), 2016 WL 1267527.

In an unpublished Opinion, the Third Circuit affirmed Robinson's conviction. *See United States v. Robinson*, 663 F. App'x 215 (3d Cir. 2016). Robinson elected not to petition the Supreme Court for a writ of certiorari. In December 2017, Robinson timely filed this Motion to Vacate Sentence Under 28 U.S.C. § 2255. (ECF No. 116.) In response to Robinson's petition, the Court stayed the case in order for Robinson to file a supplemental brief to respond to the Third Circuit's decision in *United States v. Glass*, 904 F.3d 319 (3d Cir. 2018). (ECF No. 118.) Robinson filed his supplemental brief, which did not add any new claims, in January 2019.[2] (ECF No. 125.)

Following Robinson's supplemental petition, the Court granted the United States' Motion

---

[2] Robinson's supplemental brief argued the Court should "not adopt the [Third Circuit's] finding" in *Glass*. (ECF No. 125, at 6.)

3

for a notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Robinson, having been apprised of his options under *Miller*, elected to proceed with his § 2255 motion "as filed." (ECF No. 133.) The United States responded, opposing Robinson's motion under § 2255. (ECF No. 135.) Robinson then replied. (ECF No. 136.) With that, Robinson's motion is ripe for disposition.

## II.   STANDARD OF REVIEW

A prisoner in federal custody may collaterally attack a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is not required for a § 2255 motion when the Record conclusively shows that the petitioner has no right to relief. 28 U.S.C. § 2255(b); *see also Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In determining whether an evidentiary hearing is required, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005).

## III.   DISCUSSION

Though Robinson's petition is at times tough to follow, it can be fairly read to encompass six (6) claims. Robinson's first three (3) claims allege ineffective assistance by his trial counsel. Robinson's fourth claim argues that the United States presented insufficient evidence to support his convictions. Finally, Robinson's fifth and sixth claims allege ineffective assistance by his sentencing counsel. None of these claims warrant relief. After a thorough review of the Record, the Court concludes that Robinson's ineffective assistance claims are meritless and his sufficiency of the evidence claim is procedurally defaulted. As a result, his motion is denied.

### A. Ineffective Assistance of Trial Counsel

Robinson's first three (3) claims allege ineffective assistance on the part of his trial counsel. The Sixth Amendment guarantees every criminal defendant "the Assistance of Counsel for his defence." U.S. Const. amend. VI. That guarantee, the Supreme Court has held, requires that the defendant receive "effective" representation. *See Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides the two-pronged legal standard for analyzing ineffective assistance of counsel claims. First, the Court looks for deficient performance on the part of the attorney. *See id.* at 688 (asking whether "counsel's representation fell below an objective standard of reasonableness."). Second, the Court asks whether the defendant suffered any prejudice as a result of counsel's deficient performance. *See id.* at 693 ("Even if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they actually had an adverse effect on the defense.").

### 1. Failure to Investigate Prior State Convictions

Robinson's first claim is that his trial counsel was ineffective for failing to investigate his prior state convictions that provided the basis for the United States' § 851 Information. (ECF No. 116, at 8.) Robinson breaks this claim into two (2) parts, neither of which have merit. First, Robinson argues that his trial counsel should have initiated proceedings in state court under the Pennsylvania Post-Conviction Relief Act ("PCRA") to collaterally attack his prior Pennsylvania state convictions. (*Id.* at 9.) Second, Robinson claims that trial counsel was ineffective for failing to argue that "that much of [his] criminal history was at a time when his brain was not fully mature." (*Id.* at 10.)

For starters, the PCRA is only available to individuals serving a sentence imposed based on a Pennsylvania state court judgment. *See* 42 Pa. Cons. Stat. § 9543(a). Robinson has not alleged,

and it does not appear to the Court, could allege, that he was still serving his sentence on the Pennsylvania state convictions that he argues his attorney should have collaterally attacked. Along the same lines, Robinson wholly fails to identify any precedent that a defendant's federal counsel must initiate separate state court proceedings to attack the defendant's years-old state convictions using a statute that does not apply to the defendant.

As for the second part of Robinson's claim—that his "youth" at the time of his prior convictions undermines the United States' § 851 Information—the case law Robinson cites simply does not support his argument. Robinson points the Court to the Supreme Court's decisions in *Graham v. Florida*, 560 U.S. 48 (2010), and *Gall v. United States*, 552 U.S. 38 (2007). (ECF No. 116, at 10.) In *Graham*, the Supreme Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 560 U.S. at 82. But Robinson was twenty-four (24) years old when he committed the crime that provided the basis for the United States' § 851 Information—making him a young man, but not a "juvenile". (PSR, ECF No. 94, at ¶ 31.) Essentially, Robinson invokes *Graham* for the idea that any crime committed before an individual turns twenty-five (25) years old cannot be the basis for a later § 851 Information. That simply is not what *Graham* held, nor is it the logical outgrowth of the Supreme Court's reasoning behind that decision.

In Robinson's second cited case, *Gall v. United States*, the Supreme Court adopted an abuse of discretion standard of review for sentencing decisions. *See* 552 U.S. at 40. It is entirely unclear why Robinson thinks that decision means the United States could not file a § 851 Information based on his prior adult conviction on state drug charges. In the Court's estimation, *Gall* is inapplicable to Robinson's ineffective assistance claim. In short, Robinson's first ineffective assistance claim does not establish either of *Strickland*'s prongs. *See United States v. Sanders*,

165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

## 2. **Failure to Argue Absence of *mens rea* for § 841(a)(1) Conviction**

Robinson's second claim relates to his attorney's arguments, or alleged lack thereof, about the *mens rea* required by the possession with intent to distribute statute, 21 U.S.C. § 841(a)(1). As the United States notes in its brief, Robinson's second claim could be read in two (2) ways. (ECF No. 135, at 7.) First, the Court could read Robinson's motion to claim that his attorney was ineffective for failing to argue that the possession with intent to distribute statute lacks a culpability requirement—making it unconstitutional. (ECF No. 116, at 22.) Second, the Court could read the motion as claiming that Robinson's attorney ineffectively failed to argue that he did not possess the requisite *mens rea*. (ECF No. 116, at 12.) Either way, Robinson's claim is without merit.

With respect to Robinson's argument that his attorney failed to argue that § 841(a)(1) lacks a *mens rea* requirement, the Court's inquiry starts and ends with the statute's text. Section 841(a)(1) makes it "unlawful for any person *knowingly* . . . to . . . possess with intent to . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1) (emphasis added). The *mens rea*, *knowingly*, is right there in the text. And the Supreme Court has held that the word "knowingly" applies both to the statute's verbs (to possess with intent to distribute) and to its object (a controlled substance). *See McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015). Thus, Robinson's apparent argument that § 841(a)(1) is a strict liability statute lacking a culpability requirement simply does not match up with reality. And his attorney was not ineffective for failing to make such a meritless argument. *See Sanders*, 165 F.3d at 253.

As for the second possible reading of Robinson's claim—that his attorney failed to argue Robinson did not possess the requisite *mens rea*—the Court again concludes otherwise. In

7

*McFadden*, the Supreme Court held that the United States can prove § 841(a)(1)'s knowledge requirement in two (2) ways. First, "by showing that the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was." *McFadden*, 135 S. Ct. at 2304. Second, in the alternative, "by showing that the defendant knew the identity of the substance he possessed." *Id.*

As the United States correctly observes, during his trial testimony, Robinson admitted that he knew a bag found in his pocket at the time of his arrest contained cocaine. (Trial Tr., ECF No. 108, at 230:5–231:13.)

> Q. And you were picked up and they reached into your pockets and they pulled out some stuff, didn't they?
>
> A. Yes.
>
> . . .
>
> Q. In your right pocket you had a plastic bag, didn't you?
>
> A. Yes.
>
> . . .
>
> Q. They did tests on it and it tested positive for cocaine?
>
> A. Yes.
>
> Q. Because you had cocaine in this bag, didn't you?
>
> A. Yes.
>
> Q. You know what cocaine is, correct?
>
> A. Yes.
>
> Q. You know what crack cocaine is, correct?
>
> A. Yes.
>
> Q. You have sold both of them, correct?

   A. Yes.

(*Id.*) As for the drugs found in Robinson's vehicle, Robinson argued that the drugs we not his, but never claimed that he did not know the substances were not drugs. (*Id.* at 234:17–24.) Thus, based on Robinson's own testimony, it would have been frivolous for his attorney to argue that he did not know the nature of the substances he possessed.

  Regardless of how the Court interprets Robinson's second claim, it cannot grant him relief. Both interpretations would have required Robinson's counsel to make arguments that lacked factual and legal support. The refusal to make such arguments is not ineffective assistance. *See Sanders*, 165 F.3d at 253.

  **3.** **<u>Failure to Argue § 841(a)(1) is Unconstitutionally Vague</u>**

  Robinson's third claim is that trial counsel provided ineffective assistance by failing to argue that § 841(a)(1) is unconstitutionally vague. (ECF No. 116, at 30.) Much like his argument about § 841(a)(1)'s *mens rea* requirement, the statute's text belies Robinson's vagueness argument.

  In *Johnson v. United States*, the Supreme Court held that a statute is unconstitutionally vague only if "it fails to give ordinary people fair notice of the conduct it punishes," or is "so standardless that it invites arbitrary enforcement." 135 S. Ct. 2551, 2556 (2015). As the Court noted above, § 841(a)(1)'s text makes it "unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). And elsewhere, the Controlled Substances Act defines "controlled substance" to include both powder and crack cocaine—the substances Robinson was charged with possessing. 21 U.S.C. § 812(c). Even a casual reading of the statute, then, puts the reader on notice of the conduct the statute seeks to punish. And the clearly defined unlawful conduct does not invite arbitrary enforcement. As a

result, § 841(a)(1) is not unconstitutionally vague, and Robinson's counsel was not ineffective for refusing to make such a baseless argument.[3]

B. **Sufficiency of the Evidence**

Robinson's fourth claim is that the evidence admitted at his trial was insufficient to support his conviction for possession of a controlled substance. (ECF No. 116, at 34.) Robinson relies on the Supreme Court's decision in *McFadden v. United States* to support this argument. 135 S. Ct. 2298 (2015). The Supreme Court decided *McFadden* in June 2015, and the Court sentenced Robinson in September of that year. (ECF No. 101.) Robinson did not file his brief for his direct appeal until March 2016. *See* Appellant's Opening Br., *United States v. Robinson*, 663 F. App'x 215 (3d Cir. 2016) (No. 15-3243), 2016 WL 1267527. Yet this § 2255 motion is the first time Robinson invokes *McFadden*.

Because Robinson failed to raise *McFadden* in the trial court or on direct appeal, his sufficiency of the evidence claim relying on that decision is procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 490–92 (1986). That is, unless Robinson can establish cause for the default in addition to prejudice or his actual innocence. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Robinson cannot overcome the procedural default. As the Court already explained with respect to Robinson's second claim, his own testimony during his bench trial negates any insufficient evidence argument. (Trial Tr., ECF No. 108, at 230:5–231:13.) Consequently, Robinson cannot overcome the procedural default, and therefore the Court must dismiss his *McFadden* claim.

---

[3] Elsewhere Robinson argues that the enhanced penalty provision in 21 U.S.C. § 841(b)(1)(A) is unconstitutionally vague for essentially the same reasons he believes § 841(a)(1) is too vague. (ECF No.116, at 53.) Under that penalty provision, a violation of § 841(a)(1) involving 280 grams or more of crack cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." *See* 21 U.S.C. § 841(b)(1)(A)(iii). Again, the plain text of § 841(b)(1)(A)(iii) provides notice and is not standardless. So Robinson's vagueness arguments about that statute similarly fail.

### C. Ineffective Assistance of Sentencing Counsel

Robinson's final two (2) claims allege ineffective assistance on the part of his sentencing counsel, who replaced the attorney who represented him at the bench trial. The *Strickland* two-prong standard applies at sentencing, though the second prong is phrased slightly different. To establish the prejudice prong based on ineffective assistance during sentencing, the petitioner must show that but for counsel's errors there is a reasonable probability that the court would have imposed a lower sentence. *See Glover v. United States*, 531 U.S. 198, 203–04 (2001). The first prong, deficient performance, applies the same way for sentencing errors as it does for trial errors.

#### 1. Career Offender Status

Robinson's fifth claim is that his sentencing counsel provided ineffective assistance by failing to argue "that Pennsylvania drug statutes do not qualify as federal felonies, and as such [Robinson] is not a career offender." (ECF No. 116, at 37.) Despite Robinson's protestations, his prior state convictions do qualify as felonies, and he is a career offender. At the time of sentencing in this federal case, Robinson had three (3) prior state convictions for Possession with the Intent to Deliver Cocaine—docketed in the Court of Common Pleas of Allegheny County at CP-02-CR-1157-2000, CP-02-CR-684-2004, and CP-02-CR-735-2005. (*See* PSR, ECF No. 94, at ¶ 35.) What's more, Robinson acknowledged these convictions when he testified at trial. (Trial Tr., ECF No. 108, at 227:9–228:6.)

The United States cites *United States v. Glass*, in which our Court of Appeals held that a conviction under Pennsylvania's statute prohibiting manufacturing, delivering, or possessing certain controlled substances "may serve as a predicate offense to a career-offender enhancement under § 4B1.1." 904 F.3d 319, 324 (3d Cir. 2018). That precedential decision unambiguously holds that Robinson's prior state convictions can serve as predicate offenses for the career offender

11

enhancement. So Robinson's sentencing counsel was not ineffective for failing to make an argument that is counter to binding case law.

2. **Section 851 Information**

Robinson's final argument is that his sentencing counsel was ineffective for failing to argue that the United States' § 851 sentencing enhancement was "inapplicable." (ECF No. 116, at 50.) As with all of his other ineffective assistance claims, this one lacks any merit.

Section 851 allows the United States to seek a sentencing enhancement based on the defendant's prior felony drug convictions by "fil[ing] an information with the court . . . stating in writing the previous convictions to be relied upon" for the enhancement. 21 U.S.C. § 851(a)(1). The United States must file such an Information prior to the defendant's trial or guilty plea. *Id.* Here, the United States followed the process outlined in § 851 by filing the Information before Robinson's trial and stating Robinson's prior conviction relied on for the sentencing enhancement.[4] (ECF No. 80.) And, as the Court explained when discussing the career offender enhancement, Robinson's relevant prior conviction qualified as final felony drug conviction.[5] *See* 21 U.S.C §§ 841(b)(1)(A)(iii) and (b)(1)(C). So the United States properly filed its § 851 Information, and the prior conviction that Information established properly enhanced Robinson's sentence. His sentencing counsel's refusal to make the unsupported arguments Robinson advances, therefore, does not provide grounds for a finding of ineffective assistance. *Sanders*, 165 F.3d at

---

[4] The prior conviction established by the Government's § 851 Information is Robinson's state possession with intent to deliver conviction docketed in the Court of Common Pleas of Allegheny County at CP-02-CR-684-2004. (ECF No. 80.)

[5] Even if Robinson could show deficient performance on the part of his sentencing counsel, he cannot show prejudice stemming from counsel's decisions regarding the § 851 Information. That is because while the § 851 Information imposed a 240-month mandatory minimum, the career offender enhancement resulted in a 360-month to life imprisonment advisory Guidelines range. (PSR, ECF No. 94, at ¶ 63.) Robinson's petition does not establish a reasonable probability that, but for any alleged deficient performance regarding the § 851 Information, the Court would have varied over 100 months below the low end of the advisory guidelines range to impose a sentence below 240 months. *See Glover*, 531 U.S. at 203–04.

253.

## IV.     CERTIFICATE OF APPEALABILITY

To appeal from a final order in a § 2255 proceeding, the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability "may issue only upon 'a substantial showing of the denial of a constitutional right.'" *Michael v. Horn*, 459 F.3d 411, 418 n.9 (3d Cir. 2006) (quoting 28 U.S.C. § 2253(c)(2)). When the Court denies the petition on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Robinson cannot make that showing. Consequently, the Court will not issue Robinson a certificate of appealability.

## V.      CONCLUSION

The Record in this case conclusively shows that Robinson is not entitled to relief under § 2255. Robinson's ineffective assistance claims are all meritless, and he procedurally defaulted his sufficiency of the evidence claim. Since the Record unambiguously demonstrates that Robinson's claims fail, no evidentiary hearing is warranted. Robinson's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 116), is therefore **DENIED**, and no Certificate of Appealability shall issue, for the reasons stated.

/s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:   April 15, 2020
cc:      All counsel of record via ECF;
         Petitioner via U.S. Mail